UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>STEPHANIE MAZLOOM,<br><br>    Debtor | Chapter 7<br><br>Case No. 18-60206-06-dd |
| In re:<br><br>ROBERT A. CRANDALL AND<br>MOLLY S. CRANDALL,<br><br>    Debtors | Chapter 13<br><br>Case No. 07-30439-5 |
| Stephanie Mazloom, Robert A. Crandall and Molly S. Crandall, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Navient Solutions, LLC and Navient Credit Finance Corporation,<br><br>    Defendants. | Adv. Pro. No. 20-80033-6<br><br>**NATIONAL CLASS ACTION**<br><br>**TRIAL BY JURY DEMANDED** |

## AMENDED COMPLAINT

Plaintiffs Stephanie Mazloom and Robert A. Crandall and Molly S. Crandall ("Plaintiffs,"), on behalf of themselves and all others similarly situated by and through undersigned counsel, hereby file this Amended Complaint against Defendants Navient Solutions, LLC ("Navient Solutions") and Navient Credit Finance Corporation ("NCFC," together with "Navient Solutions," "Defendants") upon personal knowledge as to those matters within their personal knowledge, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Not all loans made to students are non-dischargeable student loans, including the educational loans at issue in this action. Defendants, with full knowledge of the scope and application of 11 U.S.C. § 523(a)(8), have exploited the statutory framework protecting qualified education loans from discharge in bankruptcy in an attempt to appropriate bankruptcy protection for a large universe of dischargeable consumer debt. Such loans have no protection under section 523(a)(8) and are automatically discharged upon entry of a bankruptcy court's discharge order and the accompanying statutory injunction effected by the discharge order. Plaintiffs bring this action to enforce their rights, and the rights of similarly-situated persons throughout the United States, to a fresh start under the Bankruptcy Code.

2. Defendants have been knowingly originating and servicing dischargeable consumer loans and disguising them as non-dischargeable student loans. Defendants have done this in order to discourage debtors from seeking their rights to relief under Title 11 and to allow creditors to continue to collect on discharged loans after a debtor's bankruptcy. In order to effectuate this illegality, Defendants have appropriated a legal presumption for a class of debt that they know is not entitled to that presumption, thereby using the authority of the bankruptcy courts to cloak their

1

fraud under the color of law and escape detection. Defendants are willfully and maliciously engaged in a pattern and practice targeted at some of society's most vulnerable persons that they know defiles the proper workings of the bankruptcy process. brings this action to enforce her rights and the rights of those similarly situated.

## PARTIES

3. PLAINTIFF STEPHANIE MAZLOOM is an individual and a resident of this district who filed for relief under Chapter 7 of Title 11 of the United States Code in February of 2018, and received a discharge order and the entry of the statutory injunction in June of 2018. Her bankruptcy proceeding took place in the Northern District of New York.

4. PLAINTIFFS ROBERT A. CRANDALL AND MOLLY S. CRANDALL are residents of this district who jointly filed for relief under Chapter 13 of Title II of the United States Code on March 7, 2007 and received a discharge order and the entry of the statutory injunction on September 25, 2012. Their bankruptcy proceeding took place in the Northern District of New York.

5. The CLASS MEMBERS are similarly-situated individuals who filed for bankruptcy protection since 2005 with a pre-petition educational loan originated and/or serviced by Defendants or their predecessors for education at institutions that are not recognized as eligible institutions under Title IV of the Higher Educational and the Internal Revenue Code. These loas are fully dischargeable under § 523(a)(8) of the Bankruptcy Code. Nonetheless, these class members have been subject to attempts by Defendants to collect on such loans despite the loans having been discharged in bankruptcy.

6. NAVIENT SOLUTIONS, LLC is a limited liability company organized and existing under the laws of the State of Delaware, that in the ordinary course of business regularly,

2

on behalf of itself or others, has engaged in, and/or currently engages in the origination, servicing, and collection of consumer debt. NAVIENT SOLUTIONS, LLC is authorized to do business in the State of New York, and may be served through its registered agent C/O Corporation Service Company, 80 State Street Albany, New York, 12207-2543.

7. NAVIENT CREDIT FINANCE CORPORATION is a business corporation organized and existing under the laws of the State of Delaware that in the ordinary course of business regularly, on behalf of itself or others, has engaged in, and/or currently engages in the origination, servicing, and collection of consumer debt. Upon information and belief, NAVIENT CREDIT FINANCE CORPORATION is not authorized to do business in the State of New York.

## JURISDICTION AND VENUE

8. This Adversary Proceeding is brought under Case Number 18-60206-6-dd.

9. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(b), 1332, and 1334(b). This is a core proceeding under Title 11 because it concerns determinations as to the dischargeability of debts.

10. This Adversary Proceeding is brought pursuant to 11 U.S.C §§ 105, 523(a)(8), and 524, and Federal Rule of Bankruptcy Procedure Rule 7001(9).

11. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1409 because Plaintiff Mazloom resides in this district, she and many of the Class Members obtained their bankruptcy discharges in this district, and some of the conduct complained about occurred in this district.

## STATEMENT OF FACTS

A. **Plaintiff Mazloom's Background and Procedural History.**

12. Plaintiff Mazloom attended American University of Antigua ("AUA") in St. John's Antigua and Barbuda from 2006 through 2008.

13. On or around September, 2006 Plaintiff Mazloom borrowed $38,400.00 from Sallie Mae Bank, one of Navient's predecessors-in-interest, to pay for costs at AUA (the "Private Student Loan").

14. AUA was not a Title IV-accredited institution under the Higher Education Act at the time Plaintiff Mazloom attended.

15. The Private Student Loan was not made to a student attending an eligible institution and thus was not a Qualified Education Loan under section 523(a)(8)(B), or otherwise protected as an educational loan or educational grant under section 523(a)(8).

16. On February 21, 2018, Plaintiff Mazloom filed a petition for relief under Chapter 7 of Title 11 of the United States Code in this Court.

17. Plaintiff Mazloom properly scheduled the Private Student Loan on the Schedules to her Bankruptcy Petition.

18. On June 4, 2018, this Court entered a discharge order in Plaintiff Mazloom's case.

19. Defendants received notice of the filing of Plaintiff Mazloom's Bankruptcy Petition, and also received notice of the Bankruptcy Court's June 4, 2018 discharge order.

20. After Plaintiff Mazloom's discharge order was granted, Defendants continued to collect on the loan.

B. **Plaintiffs Robert A. Crandall and Molly S. Crandall's Background and Procedural History**

21. Plaintiff Robert A. Crandall attended Ikon Education, a private institution in Syracuse, New York, in 2001.

22. On or about June 4, 2001, Plaintiff Robert A. Crandall borrowed $17,333 from SLM Financial Corporation, one of Navient's predecessors in interest, to pay for costs at Ikon.

23. Ikon was not and is not a Title IV accredited institution under the Higher Education Act.

24. The private student loan Mr. Crandall received was not made to a student attending an eligible institution, and thus was not a Qualified Education Loan under 11 U.S.C. § 523(a)(8)(B), or otherwise protected as an educational loan or educational grant under 11 U.S.C. § 523(a)(8).

25. Molly S. Balles, who was then Mr. Crandall's fiancée and future wife, acted as co-borrower on the SLM loan. Upon marrying Mr. Crandall, Molly Balles changed her name to Molly Crandall.

26. On March 7, 2007, Mr. and Ms. Crandall filed a petition for relief under Chapter 13 of Title 11 of the United States Code in this Court.

27. The Crandalls properly scheduled the SLM student loan on the schedules of their Bankruptcy Petition.

28. On September 25, 2012, the United States Bankruptcy Court for the Northern District of New York entered a discharge order in the Crandalls' bankruptcy proceeding.

29. Defendants received notice of the filing of the Crandalls' Bankruptcy Petition and also received notice of the Bankruptcy Court's September 25, 2012 discharge order.

30. After the Crandalls' discharge order was granted, Defendants continued to collect on the loan and the Crandalls have made approximately $40,000 in payments on the loan post-discharge.

**C.    All Class Members Share a Similar Narrative.**

31. All Class Members share a similar factual narrative.

32. All Class Members borrowed loans from Defendant.

33. All Class Members attended non-Title IV institutions as those institutions are defined by the Internal Revenue Code.

34. All Class Members filed for bankruptcy protection in the United States Bankruptcy Court.

35. At the conclusion of these bankruptcy cases, all Class Members were issued Discharge Orders.

36. The statutory injunction effected by these Discharge Orders extinguished all education-related debt that was not excepted from discharge by 11 U.S.C. § 523(a)(8).

37. Notwithstanding the discharge of these debts, Defendant employed processes, practices, and acts designed to mislead Class Members into believing that their debts were not discharged and inducing them to make payments on extinguished debts.

38. Defendant has misled Class Members and sought to collect on discharged debts by use of dunning letters, emails, text messages, and telephone calls demanding repayment. In addition, to attempt to compel payment on these discharged debts, Defendant has continued to report these debts as delinquent to the major credit bureaus and has failed to update these credit reports.

39. Defendant has also commenced or continued legal actions against Class Members to induce payment on their discharged debts.

## CLASS ACTION ALLEGATIONS

40. Pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure as adopted by Fed. R. Bankr. 7023, Plaintiffs bring this action on behalf of themselves and all other persons similarly situated in the United States as a representative of the following class:

> All persons who received loans from Defendants for attendance at non-Title IV institutions; who obtained bankruptcy discharge after October 1, 2005; who were subsequently subjected to Defendants' acts to collect on the loans; and who have not reaffirmed their loans.

41. Plaintiffs reserve the right to amend this class definition and/or add subclasses to include or exclude members of the class.

42. As described below, this action satisfies the numerosity, commonality, typicality, superiority, predominance, and adequacy of representation requirements of Rule 23 of the Federal Rules of Civil Procedure.

**A.    Numerosity**

43. The persons in the class of Plaintiffs are so numerous that joinder of all members is impracticable. In the interest of judicial economy, this dispute should be resolved through the class action vehicle.

44. Upon information and belief, the number of Class Members will easily exceed 100. The quantity, identity, and location of Class Members are ascertainable through appropriate discovery and may be identified by the records maintained and possessed by Defendant.

45. The Class Members have been through bankruptcy within the last fifteen years. Upon information and belief, the individual members of the class of Plaintiffs, or at least a large portion thereof, lack the means to pursue these claims individually and severally. Defendants have relied on this to effectuate its scheme. In fact, academic research shows that 99.9% of debtors with student loans lack the means to pursue an adversary proceeding to contest non-dischargeability.

## B. Commonality

46. There are common questions of law and fact affecting the entirety of the class. Specifically, predominant common questions include without limitation: (i) whether the Class Members' loans were discharged at the conclusion of their bankruptcy cases by means of the discharge order and statutory injunction; and (ii) whether Defendants violated the discharge order and statutory injunction effected by the applicable discharge orders by seeking to collect on discharged private education debt.

47. Answers to these common questions will resolve the question of damages shared by each member of the class.

## C. Typicality

48. Plaintiffs' claims against Defendants are typical and representative of those of all Class Members. Specifically, Ms. Mazloom's loan is a debt for a student loan, as with the other Class Members; she attended a non-Title IV institution, as with the other Class Members; and upon information and belief, is based upon loan documents that are substantially the same, if not identical, to the other Class Members' loan documents. Ms. Mazloom's experiences having been subjected to collection efforts are typical and representative of the class's. Defendants' actions involving Ms. Mazloom are typical of Defendants' actions involving the other Class Members.

49. Specifically, Ms. Mazloom's loan at issue is an EXCEL Grad Loan that Navient's predecessor issued to the Class Members. The terms of the loan that was issued to Ms. Mazloom are substantially the same as the terms of the loans that were issued to the Class Members.

50. Similarly, the loan obtained by Robert and Molly Crandall is a private Career Training Loan obtained for attendance at a non-Title IV institution. The experience of Mr. and Ms. Crandall of having been subjected to collection efforts are typical and representative of the

8

class's. Defendants' actions involving Mr. and Ms. Crandall are typical of Defendants' actions involving other class members.

### D.  Predominance and Superiority

51.  There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. The questions include, but are not limited to:

   a) whether the Class Members' loans were discharged at the conclusion of their bankruptcy cases; and

   b) whether Defendants violated the discharge order and statutory injunction by seeking to collect on discharged loans.

52.  This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, with respect to individual Class Members, which would establish inconsistent standards of conduct for Defendants, as well as, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

53.  Defendants have acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

54.  A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class Members may be obtained from Defendants' records.

9

E.  **Adequacy of Representation**

55.  Plaintiffs will fairly and adequately represent and protect the interests of the members of the class of Plaintiffs. Plaintiffs' interests are squarely aligned with those of individual members of the class. Plaintiffs' counsel, Boies Schiller Flexner LLP, Fishman Haygood, LLP; and Jones, Swanson, Huddell & Daschbach, LLC are experienced in class action lawsuits, complex commercial litigation, bankruptcy law and procedure, and student loan litigation.

## CLAIMS FOR RELIEF

### COUNT 1
### Declaratory Judgment and Injunctive Relief

56.  Plaintiffs hereby incorporate the allegations in the preceding paragraphs as if fully set forth herein.

57.  Plaintiffs request a declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9) that their and the other Class Members' loans are not non-dischargeable student loans or qualified education loans under section 523(a)(8), and were therefore discharged upon entry of their respective statutory injunctions effected by their discharge orders.

58.  Plaintiffs request preliminary and permanent injunctive relief prohibiting Defendants from continuing to seek collection on their and other Class Members' discharged debts.

### COUNT 2
### Violations of The Statutory Injunction Effected by the Discharge Orders

59.  Plaintiffs hereby incorporate the allegations in the preceding paragraphs as if fully set forth herein.

60.  Plaintiffs' and other Class Members' loans were discharged pursuant to the statutory injunction effected by the discharge orders entered by the various courts because they

were unsecured consumer loans and not non-dischargeable student loans under 11 U.S.C. § 523(a)(8).

61. Defendants were notified of the discharge orders pursuant to Federal Rule of Bankruptcy Procedure 4004(g).

62. Defendants nonetheless sought to collect on these debts, either directly or indirectly, by use of dunning letters, emails, text messages, telephone calls, negative reports made to the major credit bureaus, failure to update these credit reports, and commencing or continuing legal action to recover the discharged debts in violation of 11 U.S.C § 524.

63. Plaintiffs request that Defendants be cited for contempt and ordered to pay compensatory and punitive damages in an amount to be determined at trial for the willful violations of the discharge injunctions and § 524 pursuant to 11 U.S.C § 105 and also request an award of attorneys' fees and costs.

## COUNT 3
### Restitution

64. Plaintiffs hereby incorporate the allegations in the preceding paragraphs as if fully set forth herein.

65. Plaintiffs and the Class Members are entitled to the restitution of all funds paid to Defendants or their agents after the subject loans were discharged in bankruptcy, together with applicable interest.

## PRAYER

66. In light of the foregoing, Plaintiffs request that Defendants be cited to appear and judgment be entered against Defendants for:

a) Declaratory relief in the form of a judgment entered to the effect that Plaintiffs' and other Class Members' loans were discharged upon entry of the applicable statutory injunctions effected by the discharge orders;

b) Injunctive relief prohibiting Defendants from continuing to collect on discharged debts;

c) Compensatory and punitive damages and monetary sanctions for violations of the discharge order and statutory injunction;

d) restitution and/or disgorgement of funds collected since the Plaintiffs' and other Class Members' bankruptcy discharge orders were entered;

e) attorneys' fees and costs to the fullest extent permitted under the law;

f) prepetition and post-judgment interest; and

g) other such relief as the Court deems just and proper.

DATED: March 16, 2023

Respectfully submitted,

By: /s/ Adam R. Shaw

Adam R. Shaw
George F. Carpinello
Jenna Smith
BOIES SCHILLER FLEXNER LLP
30 S. Pearl St., 11th Floor
Albany, New York 12207
(518) 434-0600
gcarpinello@bsfllp.com
ashaw@bsfllp.com
jsmith@bsfllp.com

Lynn E. Swanson (admitted *pro hac vice*)
JONES SWANSON HUDDELL L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
(504) 523-2500; (504) 523-2508
lswanson@jonesswanson.com

Jason W. Burge (to be admitted *pro hac vice*)
SBN (LA) 30420
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jburge@fishmanhaygood.com
kjohnson@fishmanhaygood.com

*Counsel for Plaintiffs*